IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 13 2019

JEFFREY P. COLWELL
CLERK

Eric James Bozeman , Plaintiff

v.

Dixon Bros, Inc. ,

_____ ,

_____ ,

_____ , Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

A. **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Eric James Bozeman 5160 Leetsdale Drive #106 Denver, CO, 80246
(Name and complete mailing address)

720-347-7939  Eric3Bozeman@gmail.com
(Telephone number and e-mail address)

B. **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Dixon Bros, Inc.
registered agent: James H. Dixon  5093 E Hwy 16 New Castle, WY, 82701
(Name and complete mailing address)

307-746-2788
(Telephone number and e-mail address if known)

Defendant 2: _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

C. **JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

__✓__ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

____ Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

__✓__ Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

____ Other: *(please specify)* _____

2

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: __Title VII - Racial Discrimination__

The conduct complained of in this claim involves the following: *(check all that apply)*

____ failure to hire    ✓ different terms and conditions of employment

____ failure to promote    ____ failure to accommodate disability

✓ termination of employment    ____ retaliation

____ other: *(please specify)* _____

Defendant's conduct was discriminatory because it was based on the following: *(check all that apply)*

✓ race    ____ religion    ____ national origin    ____ age

____ color    ____ sex    ____ disability

Supporting facts:

My title was Fueling Dispatcher. I am in a protected class as an African American with six years of dispatching experience, my skills transferred, and I was qualified for the job. I supplied electrical power to oil rigs for nearly six years, where I dispatched linemen to restore power to oil sites.

Despite my experience, I was terminated on 6/22/2019.

This was discrimination, see attached pages...

**Supporting Facts of Claim One: Title VII-Racial Discrimination**

The Maintenance Man, White Male, mid 60's made negative comments about thee only African American Driver, late 30's, who worked from the Colorado Dispatch Office. The Maintenance Man would monitor the GPS Computer Screens each day in the dispatch office, and constantly commented that thee African American Driver was lazy, slow to complete his deliveries, took too many breaks, and took improper routes to his destination. I spoke to my immediate supervisor about the Maintenance Man constantly making the negative comments, soon after I brought it to her attention, the Maintenance Man became to spend time glaring at me while I performed my duties in the dispatch office, then my immediate supervisor began to criticize my work in the same manner that the Maintenance Man would do with the African American driver, which culminated in my termination from the company.

A White Male driver, mid to late 40's had been criticized by my immediate supervisor to me as being slow completing his duties, however this driver was allowed to take several days off to attend to his ill spouse, and he was always able to return to his position without any adverse action regarding his performance. Yet, I was never verbally or in written form reprimanded for any of my alleged performance issues, but I was terminated when I returned from an agreed upon leave for the birth of my first child.

These instances, were a violation of Title VII.

**Other Supporting Facts of Claim One: Title VII Racial Discrimination**

Driver, White Male, approximately late 30's was allowed over ten days of bereavement after my supervisor admitted he had become contentious over her hiring me instead of his spouse. My supervisor was wary of a confrontation with this driver, and often instructed me to give him routes that he would like to appease him. However he was allowed to return to his position with the company despite his contentious and menacing behavior. I believe that my supervisor was intimidated by the driver, still I was terminated after the birth of my first child without any verbal or written warnings. According to the Safety Manager at the Colorado Office, "I talked to the drivers and everyone involved and they said that you don't have the dispatching skills."

Driver, White Male, approximately mid 40's had taken several days off to attend to his spouse whom was ill. The Dispatch Supervisor admitted that this driver tended to be a little slow, yet he was continually allowed time off, and he was never verbally berated by anyone in the dispatch office like thee only African American Driver and myself had been. Still, the white male driver was allowed to return to work without any adverse action of any kind. Yet, I was terminated after the birth of my first child, which was agreed upon time off when I accepted the position. (same issue recorded on previous page). (E3B)

Driver, White Female, approximately late 20's had taken time off for personal business occasions, and demanded changes in her work schedule to accommodate personal needs. The company continued to allow the driver to have certain days off to accommodate her, while after an agreed upon unpaid leave time frame was set between myself and my Dispatch Supervisor, I was terminated after returning from that leave.

Driver, White Male, early 30s, The Dispatch Supervisor complained that this driver was difficult to deal with. She said that during verbal exchanges he would warn her that he was recording their conversations, and there was an instance where the Dispatch Supervisor said to me "I don't want to get a call from him at 3AM in the morning." She was urging me to make sure his loads were built to his satisfaction, not based on business needs, because she wanted to avoid him. The Dispatch Supervisor had also mentioned on several occasions that she would give (Drivers) certain things when they requested them so when she needed them they would do what she asked. This driver was never reprimanded for being difficult, and was routinely given preferably treatment to accommodate him. No such grace was given to myself when I requested my time off, because without any verbal or written warnings I was fired on the morning of my first day by from my agreed upon unpaid leave.

Driver, White Male, late 30s early 40s was given choice over the road routes on a daily basis. The Dispatch Supervisor had mentioned that this driver had been a camping buddy, and every day she spoke in in glowing terms about the driver. However, when I was charged to dispatch drivers based on business needs, and I was expected to make dispatching decisions to fulfill those needs by giving this driver another route, or a different set of load deliveries, the Dispatch Supervisor was vehement about making sure this driver had loads to his liking. She even encouraged that I situate his last load to where it was nearby his home so he wouldn't have to park the truck at the dispatch yard then drive home. If I ever tried to utilize this driver in another way, the Dispatching Supervisor became verbally combative, terse. Again, this is a situation where the company went above and beyond for these driver(s), yet I was never afforded the opportunity to make dispatching decisions based on business needs, however I was terminated by the say so of these drivers/everyone involved according to the Safety Manager.

CLAIM TWO: __ADEA Act of 1967__

The conduct complained of in this claim involves the following: (*check all that apply*)

\_\_\_ failure to hire        ✓ different terms and conditions of employment

\_\_\_ failure to promote     \_\_\_ failure to accommodate disability

✓ termination of employment  \_\_\_ retaliation

\_\_\_ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

\_\_\_ race      \_\_\_ religion    \_\_\_ national origin    ✓ age

\_\_\_ color     \_\_\_ sex         \_\_\_ disability

Supporting facts:

My title was fueling Dispatcher. I am in a protected class as a 54 year old employee.

My job experience while being in the protected class made me qualified to perform my duties, however Despite this, I was terminated on 6/22/2019.

This was discrimination, see attached pages... Age caused the termination, issues of my age led to it.

4

**Supporting Facts of Claim Two: ADEA ACT of 1967**

**Age Discrimination:** I was asked my age by a co-worker, White Female, approximately mid 30s, I refused to tell her my age. I reported it to my Dispatch Supervisor who responded by saying 'Why? We're all old here.' A week later the same co-worker (White Female, approximately mid 30s), asked again saying 'You're not going to tell me how old you are, are you?' (I felt harassed about my age, and my Dispatch Supervisor offended me deeply by eluding to me as being old when she responded to my report of harassment to her, then it happened again). Although this White Female who was charged with training me on how to dispatch loads and drivers, she would fill in as a driver as well. She told me that I could reach out to her if I had any questions, even though she knew that the Dispatch Supervisor did not approve of her style of dispatching, she abandoned me in the dispatch office to do the job when she knew I had not been properly trained, and she had been present when the Dispatching Supervisor had berated me for the way I was dispatching, and while I was still learning the tasks of the job, the White Female co-worker made herself unavailable at a critical time in my training. Yet, this co-worker's input was taken into consideration when the Safety Manager said that he had spoken with the drivers (she served as one of the drivers). My refusal to share my age, plus reporting it to the Dispatch Supervisor, resulted in this co-worker promising to be a support system for me, but instead she abandoned me at a critical junction of my training.

This is a violation of ADEA of 1967

CLAIM __3__ : __Hostile Work Environment - Title VII and ADEA__

The conduct complained of in this claim involves the following: (*check all that apply*)

___ failure to hire     _✓_ different terms and conditions of employment

___ failure to promote     ___ failure to accommodate disability

_✓_ termination of employment     _✓_ retaliation

___ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

_✓_ race     ___ religion     ___ national origin     _✓_ age

___ color     ___ sex     ___ disability

Supporting facts:

My title was Fueling Dispatcher.
I am in a protected class as an African American whom is 54 years of age.
Although my skills qualified me for the job, I endured a hostile work environment which culminated in my termination.
During the hostile work environment I was subjected to racial discrimination as well as discrimination due to my age (as a member of a protected class).
See attached pages...

**Supporting Facts of Claim Three: Hostile Work Environment – Title VII and ADEA ACT**

**Hostile Work Environment:**

This was created by my Dispatch Supervisor. She left me on my first week of training as a Weekend Dispatcher to train with a co-worker whose dispatching style my Dispatch Supervisor admitted that she did not agree with. After returning from going to a wine festival on my first weekend of training, when she did return she asked me whose style of training did I prefer. I explained that the way the co-worker dispatched seemed easier to follow because she wrote everything about dispatching the loads down, and she kept a spreadsheet. Once I told my Dispatching Supervisor that, even though the first three days of my employment, she spent most of her time working alone instead of truly showing me all of the tasks of my position, she became disengaged and combative towards me. Instead of building on my training to insure that I would learn the position of Fueling Dispatcher, anytime I reached out for any assistance my Dispatching Supervisor used it as an opportunity to give terse negative responses intended to berate me instead of educate me to how best do the job. My Dispatching Supervisor was not interested in training me thoroughly, she was only interested in proving her methods were better than the co-worker whose dispatching style she disagreed with. Going forward, she only offered to work with me on the job at times when she could verbally berate me, 'Saying I needed to get quicker,' when in fact she was the reason it took us so long to complete the work as she would ridicule me, redo all of my work, then blame me for it taking so long. She purposely refrained from helping me complete my training so I could carry out my duties as a Fueling Dispatcher, then initiated my dismissal with malicious intent as I returned from agreed upon leave for the birth of my first child.

**Due to concerns of possible retaliation from any employees of Dixon Brothers, Inc., I was advised by the Pro Se Clinic to give general descriptions of those involved in acts of discrimination against myself.**

### E. ADMINISTRATIVE PROCEDURES

Did you file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency? (*check one*)

✓ Yes (*You must attach a copy of the administrative charge to this complaint*)

___ No

Have you received a notice of right to sue? (*check one*)

✓ Yes (*You must attach a copy of the notice of right to sue to this complaint*)

___ No

### F. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."* I am seeking punitive damages as relief in the amount of $246,000, I am requesting a jury.

### G. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's Signature)

11/4/2019
(Date)

(Revised December 2017)

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

I am requesting relief in the amount of $246,000, and I request a jury trial.

Date: 11/4/2019

(Plaintiff's Original Signature)

5100 Leetsdale Dr. #106
(Street Address)

Denver, CO, 80246
(City, State, ZIP)

720-347-7839
(Telephone Number)

(Rev. 07/06)                              6

JS 44 (Rev. 06/17) District of Colorado Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Eric Bozeman

**DEFENDANTS** Dixon Brothers, Inc

(b) County of Residence of First Listed Plaintiff: Denver
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Weston County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of Civil Rights Act and Adea of 1967

Brief description of cause:
☐ AP Docket

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 246,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

**DATE** 11/4/2019

**SIGNATURE OF ATTORNEY OF RECORD**

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____